IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HAVANA MARIA WADE, on Behalf of
Herself and All Those Who May, in the
Future, Be Arrested for Misdemeanor
Offenses and Confined in the Lee County Jail            PLAINTIFF

VERSUS            CAUSE NO. 1:21cv98-DMB-DAS

LEE COUNTY, MISSISSIPPI            DEFENDANT

           JURY TRIAL DEMANDED

## COMPLAINT

This is an action to recover actual damages for injunctive and declaratory relief for violation of federal constitutional rights. A supplemental state law claim for violation of state law will be made after ninety (90) days passes with respect to Plaintiff's Notice of Claim, attached hereto as Exhibit "A." The following facts support the action:

1.

Plaintiff HAVANA MARIA WADE is an adult resident citizen of 655 County Road 833, Guntown, Mississippi 38849.

2.

Defendant LEE COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process upon its Chancery Clerk, Bill Benson, at 200 West Jefferson Street, Tupelo, Mississippi 38804, and by service upon Sheriff Jim Johnson, the official policymaker of the Lee County Sheriff's Department, at 510 North Commerce Street, Tupelo,

00357013.WPD

Mississippi 38804. At all relevant times, Defendant acted through the official policy decisions of its Sheriff, Jim Johnson, and its Board of Supervisors.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This action is authorized by 42 U.S.C. § 1983.

4.

On July 28, 2020, Plaintiff applied for employment at Ability Works/Mississippi Department of Rehabilitation Services. Following Plaintiff's interview, Ability Works contacted Plaintiff to advise that her application for employment was rejected because of her criminal background check.

5.

On Friday, July 30, 2020, Plaintiff went to the Lee County Sheriff's Department to learn the basis of a claim that she had a criminal background.

6.

At the Lee County Sheriff's Department, a Lee County officer, Donald l/n/u, informed Plaintiff he had a warrant for her arrest for possession of a controlled substance, which had been issued in 2010. Without contacting a judge or making any effort to determine whether there was in existence a current, valid warrant, Officer Donald l/n/u caused Plaintiff to be strip-searched and took away her face mask and threw it in a garbage can. Without taking Plaintiff's temperature or engaging in any steps to protect against COVID-19, Officer l/n/u put Plaintiff, maskless, into a holding cell with approximately twelve (12) or thirteen (13) other women. Upon information and belief, none of the women had been tested for COVID-19. Plaintiff was not allowed to make any phone calls on that day. Plaintiff remained in the Lee County Jail until the end of the day on

Monday, August 3, 2020, without ever having seen a judge. Plaintiff was informed that she was "not on the list" to see a judge.

7.

During the time of Plaintiff's confinement, a constable, whom Plaintiff believes to be Phillip Gann, informed her that she should have been released, and that he would call a narcotics officer.

8.

Subsequently, a person who identified himself as a narcotics officer, arrived at the Lee County Jail and told Plaintiff that a warrant had been issued for her in 2010, and that he would check on the validity of the warrant. After a while, the narcotics office returned to the jail and reported to Plaintiff there was no reason to be holding her.

9.

Plaintiff was finally released from the jail at the end of the day on Monday, August 1, 2020. Plaintiff's personal possessions were, however, not returned to her at that time. The next day, Tuesday, August 2, 2020, Plaintiff returned to the Lee County Jail to recover her personal possessions. At that time, Plaintiff's personal possessions were returned to her, except for a ten (10) karat toe ring, which has never been returned.

10.

Plaintiff called a narcotics officer, Officer Harper, to ask him to investigate why she had been arrested. Harper responded that there were charges against her, but the charges against her had been dropped. Harper instructed Plaintiff not to leave her home until he made certain that Plaintiff's record was clear. Plaintiff, therefore, remained in her home until August 10, 2020, when Harper reported to her that her record was clear.

11.

Plaintiff then obtained counsel, who contacted the Lee County Justice Court to determine whether there had ever been any charges against Plaintiff. The Lee County Justice Court furnished the abstract of court record, affidavit, and sheriff's department offense form, attached hereto as collective Exhibit "B." These documents indicate that a private citizen had filed a "trespass less than larceny" charge against Plaintiff on April 29, 2010, but that this charge was dismissed. Plaintiff's counsel contacted the private individual who executed the affidavit. The individual informed Plaintiff's counsel that he filed a charge because of a domestic dispute with Plaintiff, with whom he was living, but that he dismissed the charge on the same day it was filed or on the day the charge was scheduled for court. The individual never told Plaintiff he had filed the charge. The Lee County Justice Court has no record of any warrant ever having been issued on the charge.

12.

The arrest and confinement in the Lee County Jail was without probable cause. Upon information and belief, there was no warrant issued. If a warrant were issued, it was retracted. Plaintiff's arrest and confinement violated the Fourth Amendment to the United States Constitution and violated Section 23 of the Mississippi Constitution.

13.

Plaintiff was in constant pain and fear while in the Lee County Jail. Upon release, she was treated by Dr. Susan Duffie, beginning on August 17, 2020. Dr. Duffie gave Plaintiff pain medication and scheduled an appointment for her to see Dr. Kathy Ezerer and a therapist, Pat Cummings, at LifeCore Health Group. Plaintiff suffered extensive mental anxiety and stress and is receiving therapy as a result of her incarceration.

14.

In addition to unreasonably seizing Plaintiff's person in violation of the Fourth Amendment, the conditions in the Lee County Jail were so harsh, arbitrary, and inhumane so as to violate Plaintiff's Fourteenth Amendment substantive due process rights. These conditions consisted of the following:

A. Pretrial detainees are required to sleep on an iron slab against the wall. There is no bed, no cot, and no pillow. A few cots are brought into the jail at night, but not enough for all of the women being held in the holding cell. Sleep was impossible.

B. Throughout the night, there is constant loud noise and disturbance, as Lee County releases certain persons who have been arrested for D.U.I. From Plaintiff's observation, all persons in the Lee County Jail who are released over the weekend are persons arrested for D.U.I. There is apparently no provision for releasing persons other than those charged with D.U.I. over the weekend. Plaintiff was denied equal protection of the law, since persons who are not charged with D.U.I. are not given any opportunity to be released over the weekend.

C. There is no privacy to use a restroom. The device that was utilized as the commode was the same device from which any water had to be drawn. There is no shower or any other reasonable means to clean one's body.

D. Throughout the night, pretrial detainees are placed in fear by witnessing abuse of others in the holding cell. Plaintiff observed one person in a nursing uniform, who appeared to be intoxicated., being strapped to a chair and beaten by a corrections officer. A second person, who appeared to be Hispanic, was repeatedly removed from the holding cell and moved into another room. Plaintiff could hear her screaming in pain on several occasions. The above two (2) incidents caused Plaintiff to fear that she herself might be beaten while in the holding cell.

E. Plaintiff was confined without protection from COVID-19, a deadly disease transmitted by being in contact with other persons. No means were taken to protect Plaintiff or the other prisoners from COVID-19. Plaintiff was confined in close quarters with other persons and could have easily contacted COVID-19.

F. Plaintiff was on the prescription medication, Xanax. In willful indifference to Plaintiff's health and endangering her life, the Lee County correctional officers refused to provide Plaintiff with her prescribed medication, which her family had brought to the jail. This showed a willful indifference to Plaintiff's serious medical needs.

G. Plaintiff was not immediately taken before a judge, as required by the Fourth and Fourteenth Amendments of the United States Constitution. Because of the danger of COVID-19 and the other unconstitutional conditions, it was unreasonable, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, to hold Plaintiff in jail without immediately taking her before a judge to determine whether she should be released on her own recognizance. Alternatively, if a judge were not available, there is no rational reason why the Lee County Sheriff could not order Plaintiff's release on her own recognizance, since the State had no valid interest in detaining her, given the present inhumane and unconstitutional conditions in the Lee County Jail.

H. Plaintiff's personal property, a ten (10) karat toe ring, was taken from her without due process, in violation of the Fourteenth Amendment.

15.

All of the harms to Plaintiff were the result of either official policies of the Lee County Sheriff, or of the failure of the Lee County Sheriff to train officers to immediately take a person before a judge to secure his or her release. If a judge cannot be located, the sheriff should be required to immediately release pretrial detainees, unless a compelling or, at least, a rational state interest is shown in denying them their liberty. Otherwise, pretrial detainees' Fourteenth Amendment equal protection and due process rights are violated.

16.

Through official policy, Lee County officers had not been trained to make a reasonable investigation to determine whether a valid, current warrant exists before confining a person in the Lee County Jail.

17.

Plaintiff continues to suffer anxiety from her experiences in the jail, and treatment by Pat Cummings, a psychologist at LifeCore Health Group, is continuing.

18.

Plaintiff sues for herself for damages for mental anxiety and stress for the time she spent in the Lee County Jail. Plaintiff sues on behalf of all other persons who may be arrested in the future and confined in the Lee County Jail under the conditions described in this Complaint, without providing them immediate release on their own recognizance or taking them before a judge or impartial officer to determine whether there is any compelling reason to hold them, given the unconstitutional and life-endangering conditions in the Lee County Jail.

19.

Plaintiff currently sues for violations of the United States Constitution, Amendments Four and Fourteen. After expiration of ninety (90) days from the date of filing of the Notice of Claim, attached hereto as Exhibit "A," Plaintiff requests that she be granted leave to amend her Complaint to also sue for state law violations.

**REQUEST FOR RELIEF**

Plaintiff requests relief as follows:

Count 1: For Plaintiff's unconstitutional arrest and confinement and unconstitutional conditions, Plaintiff request damages in an amount which would reasonably compensate her for her stress and anxiety Defendant Lee County, Mississippi caused her.

Count 2: On behalf of all persons who may be arrested for misdemeanors and nonviolent crimes in the future, Plaintiff requests an injunction, requiring Defendant Lee County, Mississippi to immediately take pretrial detainee before a judge, who should immediately release these persons on their own recognizance after they have been booked

and given a court date. If Defendant Lee County, Mississippi cannot show a reasonable basis for believing these persons will not appear in court, then they should be immediately released. Given the inhumane, unconstitutional conditions in the Lee County Jail, the United States Constitution requires that Defendant Lee County, Mississippi immediately release all persons charged with misdemeanors and with nonviolent offenses on their own recognizance. If reason be shown that these persons would not be likely to appear in court, then they should be released upon posting bail. Immediate release on such recognizance is required by the Mississippi Rules of Criminal Procedure and by Mississippi statute. Plaintiff makes a claim under state law for this pretrial immediate release relief once the ninety (90) day waiting has expired from the date of filing of the Notice of Claim.

Count 3:    Plaintiff also requests reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 15th day of June, 2021.

                                HAVANA MARIA WADE, Plaintiff

                        By:     */s/ Jim Waide*
                                Jim Waide, MS Bar No. 6857
                                waide@waidelaw.com
                                WAIDE & ASSOCIATES, P.A.
                                332 North Spring Street
                                Tupelo, MS 38804-3955
                                Post Office Box 1357
                                Tupelo, MS 38802-1357
                                (662) 842-7324 / Telephone
                                (662) 842-8056 / Facsimile

                                ATTORNEY FOR PLAINTIFF