## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

**HAVANA MARIA WADE**                                                                 **PLAINTIFF**

**VERSUS**                                                        **CAUSE NO. 1:21CV98-DMB-DAS**

**LEE COUNTY, MISSISSIPPI**                                                          **DEFENDANT**

**JURY TRIAL DEMANDED**

---

## FIRST AMENDED COMPLAINT

---

Plaintiff files this First Amended Complaint in order to clarify the legal theories and to eliminate the class action allegations.

This is an action to recover actual damages for declaratory relief for violation of federal constitutional rights. A supplemental state law claim is also made. Plaintiff has filed the Notice of Claim, attached hereto as Exhibit "A," and has awaited the statutory waiting period before filing this First Amended Complaint. The following facts support the action:

1.

Plaintiff HAVANA MARIA WADE is an adult resident citizen of 655 County Road 833, Guntown, Mississippi 38849. Plaintiff sues for damages for violation of her Fourteenth Amendment due process rights, her Fourth Amendment rights, and state law rights.

2.

Defendant LEE COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process upon its Chancery Clerk, Bill Benson, at 200 West

00360845.WPD

Jefferson Street, Tupelo, Mississippi 38804, and by service upon Sheriff Jim Johnson, the official policymaker of the Lee County Sheriff's Department, at 510 North Commerce Street, Tupelo, Mississippi 38804. At all relevant times, Defendant acted through the official policy decisions of its Sheriff, Jim Johnson, and its Board of Supervisors.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This action is authorized by 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims.

4.

On July 28, 2020, Plaintiff applied for employment at Ability Works/Mississippi Department of Rehabilitation Services. Following Plaintiff's interview, Ability Works contacted Plaintiff to advise that her application for employment was rejected because of her criminal background check.

5.

On Friday, July 30, 2020, Plaintiff went to the Lee County Sheriff's Department to learn the basis of the claim that she had a criminal background.

6.

At the Lee County Sheriff's Department, a Lee County deputy, Donald l/n/u, informed Plaintiff he had a warrant for her arrest for possession of a controlled substance, which had been issued in 2010. Without contacting a judge, Deputy Donald l/n/u caused Plaintiff to be strip-searched and took away her face mask and threw it in a garbage can. Without taking Plaintiff's temperature or engaging in any steps to protect against COVID-19, Deputy Donald l/n/u put Plaintiff, maskless, into a small holding cell with approximately twelve (12) or thirteen (13) other women.

Upon information and belief, none of the women had been tested for COVID-19. Plaintiff was not allowed to make any phone calls on that day. Plaintiff remained in the Lee County Jail until the end of the day on Monday, August 3, 2020, without ever having seen a judge. Plaintiff was informed that she was "not on the list" to see a judge.

7.

During the time of Plaintiff's confinement, a constable, whom Plaintiff believes to be Phillip Gann, informed her that she should have been released, and that he would call a narcotics officer.

8.

Subsequently, a person who identified himself as a narcotics officer, arrived at the Lee County Jail and told Plaintiff that a warrant had been issued for her in 2010, and that he would check on the validity of the warrant. After a while, the narcotics office returned to the jail and reported to Plaintiff there was no reason to be holding her.

9.

Plaintiff was finally released from the jail at the end of the day on Monday, August 1, 2020. Plaintiff's personal possessions were, however, not returned to her at that time. The next day, Tuesday, August 2, 2020, Plaintiff returned to the Lee County Jail to recover her personal possessions.

10.

Plaintiff called a narcotics officer, Officer Harper, to ask him to investigate why she had been arrested. Harper responded that there were charges against her, but the charges against her had been dropped. Harper instructed Plaintiff not to leave her home until he made certain that Plaintiff's

record was clear. Plaintiff, therefore, remained in her home until August 10, 2020, when Harper reported to her that her record was clear.

11.

Plaintiff then obtained counsel, who contacted the Lee County Justice Court to determine whether there had ever been any charges against Plaintiff. The Lee County Justice Court furnished the abstract of court record, affidavit, and sheriff's department offense form, attached hereto as collective Exhibit "B." These documents indicate that a private citizen had filed a "trespass less than larceny" charge against Plaintiff on April 29, 2010, but that this charge was dismissed. Plaintiff's counsel contacted the private individual who executed the affidavit. The individual informed Plaintiff's counsel that he filed a charge because of a domestic dispute with Plaintiff, with whom he was living, but that he dismissed the charge on the same day it was filed or on the day the charge was scheduled for court.

12.

The arrest and confinement in the Lee County Jail was without probable cause. Upon information and belief, there was no valid existing warrant. If a warrant once existed, it had been retracted. Alternatively, service of any warrant had been abandoned.

13.

Plaintiff was in constant pain and fear while in the Lee County Jail. Upon release, she was treated by Dr. Susan Duffie, beginning on August 17, 2020. Dr. Duffie gave Plaintiff pain medication and scheduled an appointment for her to see Dr. Kathy Ezerer and a therapist, Pat Cummings, at LifeCore Health Group. Plaintiff suffered extensive mental anxiety and stress, which

was serious, since Plaintiff suffered from depression and related illness since she was seventeen (17) years old.

14.

**COUNT 1:**

**Confinement in Unconstitutional Conditions in Violation of the Fourteenth Amendment**

Plaintiff was confined by Lee County, Mississippi under unconstitutional conditions. These conditions did not meet minimal standards of human decency. The conditions were not reasonably related to any governmental purpose. The conditions were such that they denied Plaintiff the right to be secure in basic human needs, such as constant fear from violence, and fear from contracting a severe disease, which would have endangered and possibly could have resulted in Plaintiff's death. The specific unconstitutional conditions under which Plaintiff was confined include:

A. Plaintiff was confined without a mask and without protection from COVID-19, in the immediate vicinity of multiple other persons. No means of protection were taken to protect Plaintiff from the other prisoners and no tests were conducted to determine whether the other persons were inflicted with COVID-19. Plaintiff suffered constant fear because she was confined in close quarters with persons who may have had COVID-19.

B. Defendant did not provide any bed or cot on which to sleep. A few cots were brought to the Lee County Jail during the night, but not enough for all of the women being held in the closely-confined holding cell in which Plaintiff was held. Sleeping was impossible because of the lack of a place to sleep and because of the constant noise.

C. There is no privacy to use a restroom. The device that was utilized as the commode was also the same device from which any water had to be drawn.

D. There was no shower or any other reasonable means to clean one's body.

E. Plaintiff was on the prescription medication Xanax. Because of lack of training, no officers gave Plaintiff her prescribed medication. Plaintiff's family had brought the medication to the jail, but it was never given to her.

F.     There was a constant threat of violence and violence in the area. Plaintiff observed two (2) incidents causing her great fright, with one person apparently being beaten, and a second person who was screaming, being removed, and placed into another room. The loud noises and constant threat of violence caused Plaintiff continuous fear.

G.     The holding cell was unconstitutionally overcrowded.

The above conditions of confinement violated the standards required by the Fourteenth Amendment substantive due process, and represented a willful indifference to Plaintiff's basic human needs. This willful indifference was a policy of the Lee County Sheriff, and/or the Lee County Board of Supervisors.

15.

## COUNT II.

**Failure to Take Plaintiff Immediately Before a Judicial Officer, so that Plaintiff could be Released From Imprisonment in Violation of the Fourth and Fourteenth Amendments and State Law**

United States Constitution Amendment Four, Eight, Fourteen, Mississippi Constitution Section 23, and the Mississippi Rules of Criminal Procedure and Mississippi statutes all required that Plaintiff be taken immediately before a judge, or, alternatively, be taken without unreasonable delay. The judge would have been required to release Plaintiff on her own recognizance or set reasonable conditions for release.

16.

The Mississippi Rules of Criminal Procedure, the Mississippi Constitution, and Mississippi statutes create a liberty interest in being immediately released from confinement or be taken before a judge to be heard on whether she should be released and to have counsel appointed. A reasonable time would be substantially less than the three (3) day period for which Plaintiff was held in jail.

This liberty interest is specifically conferred by MISS. R. CRIM. P. 6.1(4)(C) and by Mississippi statute, which require that Plaintiff be taken before a judge without unnecessary delay. Had Plaintiff been taken immediately before a judge, she would have been immediately released, since there was no reason to require financial bail, and since the alleged warrant was not active. Alternatively, if such financial bail were required, it should have been set in a reasonable amount within the time period required by *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and by *ODonnell v. Harris Cty.*, 892 F.3d 147 (5th Cir. 2018).

17.

Even a forty-eight (48) hour time limitation for a bail hearing is excessive in the Lee County Jail where there is an extreme danger of contracting COVID-19 and where other unconstitutional conditions exist in the Lee County Jail and where many judges are readily available. United States Constitution Amendment Fourteen, United States Constitution Amendment Four, Mississippi Constitution Section 23, the Mississippi Rules of Criminal Procedure, and Mississippi statues requires Plaintiff be taken before a judge to be heard on the right to release, given that she was no danger to society, and that she was charged under an abandoned warrant, which was over a decade old. Plaintiff's confinement was unreasonable and contrary to her rights as a pretrial detainee to be taken immediately before a judge for the setting of bail or a determination that she should be released without the setting of bail. Defendant had no interest in confining Plaintiff without immediately taking her before a judge, and Plaintiff had a strong interest – especially given the dangers of COVID-19, and in light of her depression.

18.

All of the harms to Plaintiff were the result of either official policies of the Lee County Sheriff, or of the failure of the Lee County Sheriff to train officers to immediately take a person before a judge to determine whether there is reason for confinement and to secure his or her release. Given the number of judges in Lee County, there is no reason a judge could not be immediately located so as to determine whether Plaintiff should be immediately released. Given the unconstitutional conditions in the Lee County Jail and given the current danger from COVID-19, the immediate release of Plaintiff and the immediate taking of her before a judge to secure her release was required. The failure to take Plaintiff immediately before a judge or to secure her immediate release violated her rights under the Fourth and Fourteenth Amendments, under Mississippi Constitution Section 23, under the Mississippi Rules of Criminal Procedure, and under Mississippi statutes. Mississippi law plainly gave Plaintiff a liberty interest in her freedom, and she was denied that freedom without due process. Plaintiff's confinement was the result of the Lee County Sheriff's deliberate indifference to Plaintiff's constitutional rights and by the Lee County Sheriff's deliberate indifference to training his correctional officers to immediately take arrestees before a judge, given the unconstitutional conditions which exist in the Lee County Jail.

19.

## COUNT III.

### Arrest and Confinement Without Probable Cause

Through official policy, Lee County deputies have not been trained to make a reasonable investigation or take a proposed arrestee before a judge when they are confronted with a person who

has an alleged warrant a decade old. This failure to train to investigate the validity of the warrant resulted in Plaintiff's arrest and confinement without probable cause.

## REQUEST FOR RELIEF

Plaintiff, therefore, requests actual damages to compensate her for the time she was unconstitutionally confined in the Lee County Jail. Plaintiff also requests reasonable attorneys' fees and costs, pursuant too 42 U.S.C. § 1988. Plaintiff further requests the Court enter a declaratory judgment that the conditions in the Lee County Jail are so dangerous to human health that one who is arrested for a nonviolent offense, such as Plaintiff, must be immediately taken before a judge for a determination as to whether such persons should be immediately released.

RESPECTFULLY SUBMITTED, this the 5th day of October, 2021.

HAVANA MARIA WADE, Plaintiff

By:    */s/ Jim Waide*
                Jim Waide, MS Bar No. 6857
                waide@waidelaw.com
                WAIDE & ASSOCIATES, P.A.
                332 North Spring Street
                Tupelo, MS 38804-3955
                Post Office Box 1357
                Tupelo, MS 38802-1357
                (662) 842-7324 / Telephone
                (662) 842-8056 / Facsimile

                ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

Margaret Sams Gratz, Esq.
MITCHELL, MCNUTT & SAMS, P.A.
105 South Front Street
Post Office Box 7120
Tupelo, Mississippi 38802-7120

Gary Carnathan, Esq.
CARNATHAN LAW OFFICE
Post Office Drawer 70
316 North Broadway
Tupelo, Mississippi 38802-0070

DATED, this the 5th day of October, 2021.


/s/ Jim Waide
Jim Waide